FILED

97 DEC 17 PM 12:28

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

DEC 17 1997

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

MILLICENT MILLER,            }
                             }
    Plaintiff                }
                             }         CIVIL ACTION NO.
vs.                          }
                             }         CV-96-AR-2131-E
SUPERVALUE, INC.,            }
                             }
    Defendant                }

**MEMORANDUM OPINION**

Before the court is the motion of defendant Supervalue, Inc. ("Supervalue") for summary judgment and its motion to strike the affidavits of Millicent Miller and George Bates filed by plaintiff Millicent Miller ("Miller") in opposition to Supervalue's motion. There is enough evidence outside these affidavits to create a genuine issue of material fact as to Miller's action. Therefore, Supervalue's motion to strike will be deemed MOOT.

Plaintiff asserts a claim for race discrimination against Supervalue for "failure to hire," pursuant to 42 U.S.C. § 2000e *et seq*. In her complaint, Miller, who is black, appears to allege that she was discriminated against both in 1990 and in 1995. Compl ¶ 12, 13, 15. Supervalue argues that summary judgment is appropriate as to Miller's 1990 "failure to hire" claim, if for no other reason, because Miller failed to exhaust her administrative remedies as to that claim. It is not

47

necessary to reach the failure to exhaust issue, however, because in Miller's response to Supervalue's brief in support of its motion for summary judgment, she only refers to the 1990 refusal to hire as <u>evidence of pretext</u> in relation to the 1995 incident. Miller makes no attempt to justify a discrete 1990 claim. Therefore, any such claim is deemed abandoned. *See Lyles v. City of Riviera Beach,* 126 F.3d 1380, 1388 (11th Cir. 1997) ("[G]rounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.").

In response to Miller's 1995 "failure to hire" claim, Supervalue asserts that it hired a more qualified candidate: Rusty Perry ("Perry"), a white male. Both Miller and Perry sought a position as a Junior Accountant in Supervalue's Retail Accounting Department. Perry became aware of the position through his wife, whose boss is married to a Supervalue employee. Miller applied for the position after seeing the following advertisement in the newspaper:

> ...The successful candidate must possess a Bachelor's Degree with a major in Accounting and have a minimum of one year's experience in: financial statement preparation (multiple store a plus), tax return preparation, general ledger accounts and bank statement reconciliation, and computer input.

Supervalue interviewed Perry, Miller and a third candidate (a

2

white female), after receiving twenty-seven applications. The third candidate withdrew her name from consideration after her interview.

Perry graduated from Jacksonville State University in 1993 with a degree in accounting. The following year he secured a position as an accountant with an accounting firm where he prepared income tax forms, financial statements, general ledger entries, bank reconciliations, sales tax returns, and payroll taxes.

Miller graduated from Jacksonville State University in 1989, with a degree in Accounting and minors in Finance and Management. She worked as a part-time bookkeeper from September 1998 until December 1989 when she became the "full-charge bookkeeper" at a gas station/deli. Sometime during 1994 Miller became the store manager. During her tenure at the gas station/deli, she handled computerized account processing, prepared balance sheets and income statements, processed the payroll, calculated state and local sales taxes and payroll taxes. In addition, Miller operates her own bookeeping service where, along with other duties, she reconciles bank statements and prepares tax returns.

Supervalue does not dispute that both Perry and Miller were

3

qualified for the Junior Accountant position. Instead, Supervalue claims that it hired Perry because he was more qualified for the position. Supervalue advances several reasons for reaching its conclusion that Perry was more qualified. Supervalue justifies its alleged conclusion by asserting, *inter alia*: (1) that Perry's work background was more suitable for the position and, (2) that the grammatical errors found in Miller's correspondence show she lacked good communication skills.

These reasons are arguably pretextual. Simply saying that Perry's experience in the area of "public accounting" was more "beneficial" to the position of Junior Accountant than Miller's "bookkeeping" experience, does not answer, for the purposes of Rule 56 consideration, why Miller, who also had an accounting degree, was less qualified. In the absence of any objective evidence regarding the superiority of Perry's qualifications, this case is not appropriate for summary disposition.

Supervalue also notes that it preferred an applicant who possessed knowledge of "sales tax preparation," rather than income tax preparation. However, one of the persons who interviewed Miller testified, during deposition, that Miller had experience in "sales tax." There is nothing in the record that suggests what about Miller's sales tax experience made her the

4

less desirable candidate.

The evidence which most obviously suggests pretext surrounds Supervalue's contention that it considered "good communication skills a pre-requisite" for the Junior Accountant position because it required extensive client contact. Perry's superior communication skills were evident in his resume and cover letter while Miller's cover letter, resume and "thank you" note were replete with grammatical errors, Supervalue points out.

Had Supervalue deemed Miller's communication skills inadequate, it is difficult to understand why it granted her an interview. Moreover, not only did it grant her an interview, but she was one of only three candidates Supervalue chose to interview out of a pool of twenty-seven applicants. Finally, a reasonable fact finder could conclude that Supervalue would have included the "good communication skills" criterion in its job listing had it considered such skills a pre-requisite for an accounting position. *See Courtney v. Biosound, Inc.*, 42 F.3d 414, 421 (7th Cir. 1994) (holding that plaintiff had created a genuine issue of fact as to pretext where employer purportedly placed a "high premium" on good communication skills, but failed to list that criterion in its job advertisement for a scientific/technical position)(citing *Gallo v. Prudential*

5

*Residential Services Ltd. Partnership*, 22 F.3d 1219, 1225 (2nd Cir. 1994)).

There is sufficient evidence, at this juncture, from which a jury could find that Supervalue's proffered reason for hiring Perry was pretextual. Accordingly, summary judgment is not appropriate on Miller's "failure to hire" claim insofar as it complains of a decision made by Supervalue in the year 1995. Defendant's motion will be denied by separate order, but with the understanding that any claim of discrimination arising in 1990 is precluded.

DONE this 17th day of December, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE