FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

98 NOV 20 PM 3: 27

U.S. DISTRICT COURT
N.D. OF ALABAMA

MILLICENT MILLER,                }
                                 }
    Plaintiff                    }
                                 }     CIVIL ACTION NO. Cko
vs.                              }
                                 }     96-AR-2131-E
SUPERVALU, INC.,                 }
                                 }
    Defendant                    }

ENTERED

NOV 20 1998

## MEMORANDUM OPINION

The court has before it a flurry of post-judgment motions. The court will address each, not necessarily in its order of importance. First is a motion by defendant, SuperValu, Inc., for judgment as a matter of law or, in the alternative, for a new trial. Next, is a motion by plaintiff, Millicent Miller, for injunctive relief in the form of instatement or front pay. Last, but certainly not least, are three separate motions for awards of attorneys fees and expenses filed by or on behalf of plaintiff's three sets of counsel.

The court finds it impossible to reconcile SuperValu's renewed motion for judgment as a matter of law with its joint representation to the court that plaintiff's motion for injunctive relief is moot as a result of a negotiated settlement for pay front pay. The court is always happy to be presented with a settlement, but a compromise of the issue of injunctive relief presupposes that

122

Miller was the victim of proscribed discrimination. Not only because defendant, as a practical matter, admits liability by agreeing to front pay, but because there was ample evidence upon which a reasonable jury could find the alleged discriminatory motive, SuperValu's motion, pursuant to Rule 59, F.R.Civ.P., will be denied by separate order. It follows that Miller's motion for instatement or front pay will be treated as moot.

The attorneys fee questions are more complex and will be addressed in a separate opinion now in draft. Before it is put in final form, it would behoove plaintiff's counsel who apeared in other similar cases for plaintiffs in this court against SuperValu to submit proof upon which this court can distinguish between work performed in other cases and the work performed in this case.

DONE this 20th day of November, 1998.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE