FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

99 JUL 21 AM 9:29

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MILLICENT MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERVALU, INC.,<br><br>    Defendant. | }<br>}<br>}<br>}  CIVIL ACTION NO.<br>}<br>}  96-AR-2131-E<br>}<br>}<br>} |

ENTERED
JUL 21 1999

## MEMORANDUM OPINION

On July 19, 1999, all interested parties except attorney Susanna B. Smith, and defendant, Supervalu, Inc., timely responded to the show cause order entered on July 12, 1999. The letter response by Donald W. Stewart made no reference to the attorneys fee claim of Ms. Smith. His said letter was addressed directly to the undersigned and was not in the form of a response filed with the Clerk. Nevertheless, the court has ordered the letter filed and has considered it.

After the jointly stipulated dismissal of Supervalu's appeal to the Eleventh Circuit, a question precipitated by this court's show cause order remains to be decided. One way to frame that question is: Did Mr. Stewart's and Ms. Smith's voluntary withdrawal as counsel for plaintiff, Millicent Miller, constitute a waiver of any claim by them for attorneys fees?

After Mr. Stewart's and Ms. Smith's departure, replacement

134

counsel accomplished a less than total victory for Mr. Stewart's and Ms. Smith's former client. The court does not know the terms of the settlement that was ultimately reached in the appellate court. It is, therefore, impossible for the court to know the degree to which plaintiff finally prevailed. To entertain Mr. Stewart's and Ms. Smith's petition would necessitate not only an evaluation of the quality and quantity of the work they performed, but the contribution that their work made to plaintiff's less than total success, in comparison to the contributions made by the other lawyers who have now settled and compromised their fee claims.

The court agrees with the position taken by Supervalu in its letter of May 21, 1999, from Jonathan Harbuck to Mr. Stewart and attached to Mr. Stewart's letter response of July 19, 1999.

Mr. Stewart's and Ms. Smith's withdrawal was unequivocal. It was not accompanied by any record notice to the court, to plaintiff, or to defendant, that they expected to be paid for their services, or, if they expected to be paid, to whom they would look, or the statutory and/or factual basis upon which that expectation was based. What plaintiff, plaintiff's new lawyers, and defendant would have done had Mr. Stewart and Ms. Smith made known their intentions is a matter of the purest speculation.

The court does not believe that lawyers who voluntarily, and without any attempt at a reservation of rights, withdraw from a case can thereafter maintain a claim for attorneys fees pursuant to

2

a fee shifting statute for legal services they earlier rendered to an ultimately prevailing party. If Mr. Stewart and Ms. Smith believe that Ms. Miller has breached a contract of employment, this court's ruling does not preclude their pursuit of a claim against Ms. Miller for breach of contract, although this court is not encouraging such an understanding.

The court will, by separate order, deny the petition of Mr. Stewart and Ms. Smith for attorneys fees. The conclusion reached by this court is based on the doctrine of waiver. It is reinforced by the concept of detrimental reliance. Furthermore, insofar as Ms. Smith is concerned, she abandoned her claim as against Supervalu by not responding to the show cause order.

DONE this __21st__ day of July, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE